## BUCKWALD v INDUSTRIAL COMM

Ohio Appeals, 9th Dist, Summit Co

No 2826.  Decided Dec 16, 1936

Willis Bacon, Akron, and Harris Anson, Akron, for appellee.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus, and Herman E. Werner, Prosecuting Attorney, Akron, for appellant.

OPINION

By WASHBURN, J.

After being denied the right to partici-

pate in the workmen's compensation fund of Ohio by the Industrial Commission, the plaintiff, John Buckwald, filed an action in the Common Pleas Court of Summit County, Ohio, under the provisions of §1465-90, GC.

Trial to a jury in the Common Pleas resulted in a verdict in favor of plaintiff's right to participate in compensation from the state insurance fund, that verdict being returned by the jury on the 17th day of April, 1936. Thereafter, but on the same day, the Industrial Commission of Ohio filed a motion for a new trial, which motion was overruled upon the 23rd day of May, 1936, and as a part of the same entry which was filed for record on May 23, 1936, there was included the following order:

"It is therefore adjudged and ordered that the plaintiff is entitled to participate in the workmen's compensation fund of the State of Ohio. To all of which finding, judgment and orders the defendant excepts."

For the purpose of this action it must be assumed that this entry was submitted to the attorney general before being placed upon the record of judgments of the Court of Common Pleas of Summit County, Ohio; there being no bill of exceptions and nothing otherwise in the record to indicate to the contrary, and this court being required to indulge the presumption that the proceedings of the Common Pleas Court are regular and in conformity with law, unless the contrary appears from the record.

As has been said, the entry was placed upon the record on May 23, 1936; and thereafter, on July 20, 1936, a motion to strike said entry was filed by the Industrial Commission, which motion was, on the 20th day of July, 1936, overruled; and on July 28, 1936, a notice of intention to appeal was filed in the Common Pleas Court.

No bill of exceptions, either upon the merits of the case or upon the motion to strike, has been filed herein, and the matter comes on for hearing before this court as an appeal upon questions of law; it being claimed that the journal entry filed on May 23, 1936, is, upon its face, defective and not in conformity with the provisions of §1465-90, GC, and that the court therefore erred in overruling the Industrial Commission's motion to strike said entry from the files.

A motion to dismiss the appeal because the notice of appeal was not filed within the statutory period after the rendition of the judgment in this action, has been filed by the appellee.

Assuming, without deciding, that the order of the court refusing to strike said entry from the files was a final order from which appeal could be prosecuted, we direct our attention to the provisions of §1465-90, GC, which provides:

"* * * If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the record of judgments of such court and shall for the purpose of error proceedings, be in lieu of final judgment in such cause.

"No such certificate shall be placed upon the record of judgments until such certificate has been submitted to the attorney general and no entry except an entry setting forth the trial of the case and the verdict of the jury shall be placed upon the record of the court until such entry has been so submitted. * * *"

It is claimed by the Industrial Commission that the entry in this case is not such a certificate of such finding or verdict as is provided shall be sent to the Industrial Commission, but is a judgment entry which the court, under the provisions of the above statute, had no right to enter.

A literal construction of the above-quoted portion of §1465-90, GC, would preclude the Court of Common Pleas from entertaining and passing upon a motion for a new trial filed by either party in a case such as this, and would even preclude the court from entering any judgment at all, notwithstanding the fact that, by §1 of Art. IV of the Constitution of Ohio, judicial power is vested in the Court of Common Pleas, and the power to entertain and pass upon a motion for a new trial has been recognized as an attribute of judicial power for hundreds of years, and was so recognized at the time said constitution was adopted, and was so recognized not only by the courts but by the legislature at the time said §1465-90, GC, was amended by the insertion therein of the language heretofore quoted from said section, and notwithstanding the fact that the rendition of judgment is the very essence of the exercise of judicial power.

Assuming that, under the constitution the legislature had the power to prevent the Common Pleas Court from entertaining and passing upon the motion for a new trial, and from entering the judgment it did in this case, we are of the opinion that the legislature had no such intention when it adopted said part of said statute. While the wording thereof, as hereinbefore set forth, is, to say the least, confusing, we are of the opinion that the legislature did not intend thereby to so curtail the power of the Common Pleas Court; and it is also apparent that the Industrial Commission, by the filing of its motion for a new trial, on the very day that said verdict was returned, interpreted the intention of the legislature as we have indicated.

We hold that, under the circumstances of this case, there was nothing to certify to the Industrial Commission until said motion was disposed of, and that when said motion was disposed of, the court, which speaks only through its journal, had the right, in disposing of said motion, to enter, in the form of a judgment, its approval of said verdict, and to certify the same to the Industrial Commission; and that, in any event, the Industrial Commission having created the situation by the filing of its motion for a new trial, cannot complain of the court's exercising its judicial power, given to it by the constitution, to enter a judgment. The judgment of the court added nothing to and took nothing away from the verdict of the jury, and, under the circumstances of this case, when the judgment was certified to the commission, it was a substantial compliance with the requirement that the verdict be certified to the commission; and likewise, the entry by the court was a substantial compliance with the requirement of the statute that the "certificate of the court shall be entered upon the record of judgments."

We have already said that, under the record in this case, we are required to indulge the presumption that the entry was not placed upon the record until the same had been submitted to the attorney general.

The judgment of the trial court will therefore be affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.